IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

December 17, 1998

Cecil Crowson, Jr.
Appellate Court
Clerk

BROMLEY SAMMONS,          )  HAMILTON CHANCERY
                          )  C.A. No. 03A01-980
     Plaintiff-Appellant  )
                          )
                          )  HON. R. VANN OWENS
vs.                       )  CHANCELLOR
                          )
                          )
FLETCHER MILLER and JEAN MILLER,
                          )
                          )
     Defendants-Appellees )  AFFIRMED AND REMAN


D. MITCHELL BRYANT, Cleveland, for App

ARVIN H. REINGOLD, Chattanooga, for Ap


O P I N I O N

                                    McMurray, J

     The appellant, Bromley Sammons, Fl
and Jean Miller, own adjoining tracts
Tennessee. Sammons' eastern property
west property line. Mr. Sammons first
the subject boundary line in 1983, but
for failure to prosecute. That action was
and then dismissed several times before
trial court in November 1997.

Mr. Sammons contends that the Mille

property and should be d. The Millers have

acquired title to the real property in dis

measuring approximately one-tenth of an acre,

possession and prescription. After a bench

resolved the issues in favor of the Mi

The sole issue on appeal is whether

finding that the Millers had acquired ti

question through adverse possession. We affirm

the judgment of the trial court.

The Millers bought their property

in Hamilton County, Tennessee, at the time, and Mr.

Cagle owned the property where Mr. Sammon

to the Millers, a dilapidated, partial

property and Mr. Cagle's property from the

In 1692, the Millers approached Mr. Cag

extending the old fence between their two

fence because the Millers wanted an enclosed sheep

were buying for their daughter for Chri

Miller, Mrs. Cagle acknowledged that he wa

neither he nor the Millers knew the actual boundary

However, when the fence was erected, i

2

they were establishing a "line fence" cl...
line.

In 1977, Mr. Sammons moved to the pr...
Miller property. Mr. Sammons leased...
purchasing in March 1979. According...
discussed with Miller the matter regarding...
between the property. Mr. Miller had did not kn...
where the boundary line was. Mr. Mille...
agreement with the prior owner of the prope...
During his testimony, Mr. Sammons admitte...
there was "some discrepancy" about the fence...
purchased his property.

Numerous witnesses testified regarding...
placement of the fence. After considering the...
testimony of the witnesses, the trial...
Miller. The trial court concluded that t...
early 1960s both property owners erected an i to f...
actual location of the boundary line through the Miller...
that the fence was in its original property line...
further concluded that "placed the fence was l...
particular fence had been in place many years p...
Although surveyed by Mr. Sammons in 1979...
fence was entirely his property, the trial cou...

3

Millers have "refused to acquiesce in

have held the property adversely to the

Therefore, court concluded that Millers have to be ai

to the property in question. Its conclusion (Toon, relatc

necessary to conclude further that Miller the also held

to Mr. Sammons' predecessor in title.

sufficient to support such a finding.)

The appellant argues that the evide

the trial court's finding that the Mill

the property by adverse possession and

that the Millers offered no proof to reb

is approximately thirty-seven feet ont

asserted that they had acquired title

adverse possession or prescription from the He argues th

he did not acquire the land until 1979

the Millers in 1983, he was within the

limitations for adverse possession [1] (T.C.

Furthermore, asserts that ownership by prescri

Mille"r would have been required to prove

evidence, their adverse possession of

until at least 1963, years prior to the fil

initial lawsuit."

_____

[1] There would be some merit in this argument excep
of the Millers as to Mr. Sammon's predecessor in

4

The Millers argue that title to... by the adverse possession can... p.re They contend erected the fence in 1962 for a pony t[hat] Christmas. They assert that title to... seve[n] years after... was erected. They dispu[te]... contention that the elements of advers[e]... establi[shed] with respect to him. They con[tend]... acqui[red] title to the property, their ti[tle]... "remain[ed] [in]effective against... purchasers of the... proper[ty] wh[ich] included Mr. Sammons. M[r]... reje[ct] Mr. Sammons' contention that their... questi[on] did not extend... twenty years before t[he]... lawsuit in 1983. The Millers maintain tha[t]... 1962, over twenty years before Mr. Sammon[s]... regarding the boundary.

Our standard [of] review under[] [] Ru[le] of the Tennes[see]... of Appellate Procedure, is "[u]nless oth[erwise]... review [of] fin[d]ings [of] fact by the trial court in... sha[ll] be de novo upon the record of the t[rial]... a presumption of the correctness of... [pre]pon[der]ance [of] the evidence [is] oth[erwise]... is se[e]"... Farmers Mut. Ins. Co. v. Amer[ican]... S.W.2d... 933, 936 (Tenn. 1992)... App. pr[]... principle of law con[]... Rule 13(d) is that where the evidence...

the trial which are [important in] determining the c[redibility] of witnesses are entitled to great wei[ght because the] trial judge had the opportunity to observ[e the demeanor] of the witnesses who testified." Galbreath v. Elgin, ... Ws. 2... 88, 91 (Tenn. 1990) (op...). Town of Alamo v. Forcum..., 205 Tenn. 478, 483, 327 S.W.2d 47, 49 (... will not be reversed on an [issue that hinges on] "unless [there] is found in the record clear [and] convincing evidence other...that...testimony of wi[tnesses] which contradict the trial ...court's fi..." (citations omitted).

Since our Supreme Court['s decision in] Erck v. Church..., 5 ... 11 S.W. 794 (1889), the law in Tenn[essee...] a purchaser of land accidentally or ... contiguous...[believing] he is placing the f[ence on the] boundary, and...the...closed strip for [seven...] possession is adverse, and will avail agai[nst...] Lemm v. Adams, 955 S.W.2d 70, 72 (Tenn...). People v. ... Hagaman, 31 Tenn. App. 398, 403, 215 S.W... Furthermore, ...trial...sufficient...possession was... ignorance or mistake as to...location of the b[oundary] Liberto v. State, 188 Tenn. 529, 533, 221 S.W... 1949); Foster v. Hill, ... S.W.2d 520, 522 (Ten... Title is not vested in an adverse holder

6

adverse holder does have a defense when disposses of the pro. However, legal tit prope may be acquired by which the twenty actua adve possession with or with out col Bran, n 30 4 S.W.2d 660, 667-68 See also A Hallmark Ti, d we 491 S.W.2d A 78 819.9 ( Tenn. and the cited therein.

Numerous witnesses provided confli the existence and placement of the fen a fence was built in the early 1960s a had already been sin ve yearl y ear fo and the Mil held the property in question since th admitted during his testimony that he w discrepan gyarding athyel ine before he pu prope rit n 1979, yet did not actively establish the boundary until several y

After considering the evidence, the issue in favor of the Mil generat cord dim g ye We are of the a ope the ivo ind etnhce supports the the trial court. A affording ly, j w dgment o cour it n all respects. Costs of this a appellant, and this case is remanded t

7

_____
Don T. McMurray, Jud

CONCUR:

_____
Houston M. Goddard, Presiding Judge


_____
Herschel P. Franks, Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

BROMLEY SAMMONS,    )  HAMILTON CHANCERY
                    )  C.A. No. 03A01-980
    Plaintiff-Appellant )
                    )
                    )  HON. R. VANN OWENS
vs.                 )  CHANCELLOR
                    )
                    )
FLETCHER MILLER and JEAN MILLER,
                    )
                    )
    Defendants-Appellees  AFFIRMED AND REMAN

**JUDGMENT**

This appeal came on to be heard upon the record from the Chancery Court of Hamilton County, and briefs of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court. Costs of this appeal are taxed to the appellant, and the case is remanded to the trial court.

PER CURIAM